MARGARETTA F. JOHNSON, as Executrix, etc., of THOMAS CONNAROE, Deceased, Respondent, *v.* WILLIAM B. SIRRET and AUGUSTUS F. SCHEU, Appellants, Impleaded with JACOB MORGANSTERN.

*Commissions on the sale of land — meaning in a contract of the word "parcels."*

An action was brought to recover commissions on the sale of land under a contract in writing, in the following words :

"For a valuable consideration to us in hand paid, the receipt whereof is hereby acknowledged, we, the undersigned, hereby agree to pay Thomas Connaroe the sum of thirty dollars ($30) per acre on the sale of the tract of land this day conveyed by Mary A. Johnson and Margaretta F. Johnson to us, containing about one hundred and twenty-five (125) acres, whenever a sale of said land shall be effected, or the same shall be taken by legal proceedings or the exercise of the right of eminent domain. If the same shall be sold or taken in parcels, a proportionate part shall be paid to said Connaroe at the time each parcel is taken or sold as aforesaid."

The purchase of such land had been negotiated by the plaintiff's testator for the defendants, and the commissions of thirty dollars per acre on all of such lands thereafter to be sold or parted with by the purchasers was fixed as his compen-

sation for negotiating the purchase. By direction of the purchasers the land was conveyed to three persons, one undivided quarter to each, and the remaining undivided quarter to one of such persons in trust for one of the purchasers. This last undivided quarter was conveyed by direction of the *cestui que trust* to a third party, and on this sale a commission was claimed by the plaintiff's testator.

*Held*, that the word "parcels," as used in such contract, must be held to mean portions, whether several or undivided, and would not be confined to portions of the land held in severalty.

APPEAL by the defendants, William B. Sirret and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 18th day of July, 1894, upon the decision of the court rendered after a trial at the Erie Circuit before the court without a jury.

*Tracy C. Becker*, for the appellants.

*Clark H. Timerman* for the respondent.

DWIGHT, P. J. :

The action was to recover commissions on the sale of land under a contract in writing of the three defendants with the plaintiff's testator, of which the following is a copy :

" For a valuable consideration to us in hand paid, the receipt whereof is hereby acknowledged, we, the undersigned, hereby agree to pay Thomas Connaroe the sum of thirty dollars ($30) per acre on the sale of the tract of land this day conveyed by Mary A. Johnson and Margaretta F. Johnson to us, containing about one hundred and twenty-five (125) acres, whenever a sale of said land shall be effected, or the same shall be taken by legal proceedings or the exercise of the right of eminent domain. If the same shall be sold or taken in parcels, a proportionate part shall be paid to said Connaroe at the time each parcel is taken or sold as aforesaid.

" Dated *September* 9, 1887."

The purchase of the land had been negotiated by Connaroe for the defendants, Sirret and Morganstern, from the grantors named in the above contract, and the commission of thirty dollars per acre on all of such lands thereafter to be sold or parted with by the purchasers was fixed as his compensation for negotiating the purchase.

By direction of the purchasers, Sirret and Morganstern, the conveyance by the vendors was made to the defendants, Sirret and

Scheu, and one Martha Millet, in the undivided shares of one-fourth to Sirret, one-half to Scheu and one-fourth to Mrs. Millet, and upon the agreement between Scheu and Morganstern that the former should hold one undivided fourth in trust for the latter, making all such payments as should be required on such share, and accounting to Morganstern for all sums received on the sale or transfer of the same, over and above what Scheu had paid thereon. Subsequently Morganstern negotiated a sale of his undivided one-fourth of the property, held in trust for him by Scheu, to one Williams, and Scheu made the conveyance accordingly. Williams paid Scheu all he had advanced on the share so conveyed, and became, to all intents and purposes, the purchaser and absolute owner of the share of the property theretofore held by Scheu in trust for Morganstern.

All these facts appear by undisputed evidence. The assumption in argument of counsel, that Williams merely took the place of Scheu as trustee for Morganstern, is negatived by the evidence of all the parties to the transaction.

On these facts the judge at the Circuit held and found that Connaroe, the plaintiff's testator, was entitled to his commissions on the sale so made, viz., at the rate of thirty dollars an acre on one-fourth of the entire purchase made by him. We have no doubt of the correctness of this finding. We know of no reason why it should not be so. It is a narrow construction of the contract which would confine the meaning of the word " parcels " to portions of the land held in severalty. The word " parcels," as here employed, must be held to intend portions, whether several or undivided; otherwise the plain intent of the agreement with Connaroe was liable to be entirely defeated. Sirret and Scheu and Mrs. Millet might each severally and successively convey his and her undivided share to Mr. Williams, as Morganstern by his trustee has done, and there is the entire title to the whole tract of land alienated and conveyed, and nobody responsible to Connaroe for the commissions earned by him in the original purchase, and stipulated to be paid to him on a sale of the land or any portion of it.

The judgment is right and must be affirmed.

LEWIS and BRADLEY, JJ., concurred; HAIGHT, J., absent.

Judgment appealed from affirmed.